C. D. ADAMS et al., Appellants,

v.

Russell MARSHALL, Jr., et al., Appellees.

Supreme Court of Kentucky.

June 10, 1977.

W. T. Ingerton, Swanger, Ingerton & Schneider, Lexington, for appellants.

Darrell B. Hancock, Fowler, Measle & Bell, Lexington, for appellees.

STEPHENSON, Justice.

The sole question presented on this appeal is whether "canyon stone," a cement product, complies with the restriction in a deed that the exterior of all buildings on the property must be of masonry construction. The trial court held that "canyon stone" is within the definition of masonry. We affirm.

The restriction in the deed is as follows:

"Such premises shall be used for residential purposes and the construction of one single family residence thereon, the exterior of which shall be of masonry construction and a garage or car-port which, if attached to the residence shall also be of masonry construction."

On the first appeal, involving the same parties and this restriction, *Marshall v. Adams*, Ky., 447 S.W.2d 57 (1969), we held that aluminum siding construction clearly violated the restriction.

From our review of the record and the findings of the trial court, we see that "canyon stone" is a product made of cement and a blend of aggregates cast under high pressure in molds resulting in a rough, stone-like appearance.

Appellants argue that "canyon stone" did not exist as a product in 1956 when the deed restriction was executed, and that by masonry construction the parties meant construction of brick or natural stone. We can only say that if this is what the parties intended they should have said so. We do not consider the restriction to be ambiguous. We are of the opinion that masonry construction means what it says, any construction requiring the services of a mason. See 55 C.J.S. Masonry, p. 979, where masonry is defined as follows:

"A generic and therefore an inclusive word, meaning that which is built by a

mason; anything constructed by a mason of the materials used by masons, such as stone, brick, tile or the like."

Nor do we believe the restriction contemplated only products in existence at the time the restriction was executed. There is no such limitation in the language of the restriction. We hold that "canyon stone" construction is masonry construction.

In deciding that masonry construction did not include aluminum construction, *Marshall* went on to define masonry as " 'something built by a mason or masons, of stone, brick; brickwork or stonework.' This is likewise the commonly understood meaning."

Appellants argue that this language is a restricted definition of masonry adopted by this court. We do not so construe it in the context in which it was used. We regard the language only as illustrative of the holding that "aluminum construction" is not masonry construction and not as an authoritative definition of masonry.

The judgment is affirmed.

CLAYTON, JONES, LUKOWSKY, PALMORE, STEPHENSON and STERNBERG, JJ., sitting.

All concur.

REED, C. J., not sitting.